E-FILED
Tuesday, 29 September, 2026 04:42:16 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CESAR PARDO-PENA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 26-cv-3072-CRL-DJQ |
| | ) | |
| WALMART, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This cause is before the Court upon Plaintiff Cesar Pardo-Pena's motion to preserve evidence and on Plaintiff's motion to compel.

**I. Background**

On March 2, 2026, Plaintiff filed the instant case against Defendant Walmart, Inc. Doc. 1. In his Complaint, Plaintiff alleged four claims against Walmart: (1) Walmart discriminated against and retaliated against him in violation of his rights under Illinois State law (*i.e.*, 775 ILCS 5/2-102 & 775 ILCS 5/6-101); (2) Walmart discriminated and retaliated against him in violation of his rights under 42 U.S.C. § 1981; (3) Walmart discriminated against him based upon his race in violation of his rights under Title VII of the Civil Rights Act of 1964; and (4) Walmart discriminated against him based upon his national origin in violation of his rights under Title VII. Walmart was the only Defendant named by Plaintiff as a party Defendant to this lawsuit.

Plaintiff has now filed two *ex parte* motions that are pending before the Court. Doc. 28 and 28-1. In his first motion, Plaintiff asks the Court to Order Walmart to

preserve video evidence that is relevant to his claims. Specifically, Plaintiff wants the Court to order Walmart to preserve the video evidence of an alleged physical assault against him at the hands of another Walmart employee that occurred on March 3, 2026. Plaintiff also wants the Court to order Walmart to preserve the video evidence of a disciplinary meeting that occurred either during the second or third week of May 2026. The attendees at this meeting were Plaintiff, Asset Protection Supervisor Jason Blessman, and Plaintiff's immediate supervisor Elaine Pudder. Plaintiff asserts that he was forced to file this motion *ex parte* because he fears that the video evidence will soon be destroyed (if it has not already been destroyed), and he fears that Walmart would destroy the video evidence after he filed his motion but before the Court issued a Preservation Order.

In his second motion, Plaintiff moves the Court for a Protective Order that would relieve him of his obligation to appear for a deposition on September 30, 2026. Plaintiff argues that Walmart should not be permitted to depose him until after Walmart responds properly to his request for the production of documents that he served upon Walmart under Federal Rule of Civil Procedure 34. Plaintiff does not explain why he was required to file his motion for a protective order *ex parte*.

## II. Legal Standard

*Ex parte* applications are generally disfavored in federal court. *United States v. Boender*, 649 F.3d 650, 657 (7th Cir. 2011) ("[*E*]*x parte* proceedings are generally disfavored in our adversarial system: they are the 'exception rather than the rule.' "). "*Ex parte* filings are [] disfavored because a party in a lawsuit almost always deserves to

know what the other parties are filing in the suit." *Bergeron-Davila v. Masciopinto*, 2020 WL 4288659, * 4 (W.D. Wis. May 7, 2020). However, the United States Supreme Court has recognized that *ex parte* motions "have their place." *Ayestas v. Davis*, 584 U.S. 28, 40 (2018) (listing cases in which *ex parte* motions were properly filed).

Furthermore, Federal "Rule 26 vests the trial judge with broad discretion" to manage discovery disputes and tailor discovery as appropriate. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). Under Rule 26(b), "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering . . . the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b). Under Federal Rule 34(a), a party may "serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party . . . to inspect, copy, test, or sample . . . any designated documents or electronically stored information." Fed. R. Civ. P. 34(a). The Advisory Committee Notes to this rule state: "The addition of testing and sampling . . . is not meant to create a routine right of direct access to a party's electronic information system, although such access might be justified in some circumstances. Courts should guard against undue intrusiveness . . . ." Fed. R. Civ. P. 34(a) Advisory Committee Notes.

The Court also has broad discretion in determining whether to enter a preservation order. *In re African-Am. Slave Descendants' Litig.*, 2003 WL 24085346, * 2 (N.D. Ill. July 15, 2003). "A motion to preserve evidence is an injunctive remedy and

should issue only upon an adequate showing that equitable relief is warranted." *Id.* (quotations and citations omitted). "In deciding whether to enter a preservation order, courts in this district have considered 1) whether Plaintiffs can demonstrate that Defendants will destroy necessary documentation without a preservation order; 2) whether Plaintiffs will suffer irreparable harm if a preservation order is not entered; and 3) the burden imposed upon the parties by granting a preservation order." *McDaniel v. Loyola Univ. Med. Ctr.*, 2014 WL 1775685, * 2 (N.D. Ill. May 5, 2014).

Moreover, Federal Rule 26(b)(1)(C) authorizes a district court to limit discovery if: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." *Id.* Federal Rule 26(c) also authorizes a district court, for good cause, to enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(A) forbidding the disclosure or discovery;

(B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;

(C) prescribing a discovery method other than the one selected by the party seeking discovery;

(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

(E) designating the persons who may be present while the discovery is conducted;

(F) requiring that a deposition be sealed and opened only on court order;

(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

(H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

*Id*.

The United States Supreme Court has long established that "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). Before issuing the requested protective order, a district court must independently determine whether "good cause" exists to issue the order. *Pierson v. Indianapolis Power & Light Co.*, 205 F.R.D. 646, 647 (S.D. Ind. 2002); *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.,* 178 F.3d 943, 945 (7th Cir. 1999).

Finally, "[i]In ruling on a motion to compel, the discovery standard set forth in Rule 26(b) applies." *Mendez v. City of Chicago*, 2020 WL 4736399, * 3 (N.D. Ill. Aug. 14, 2020). Federal Rule 26 "governs the scope of civil discovery and allows parties to obtain discovery regarding any matter that is: (1) nonprivileged; (2) relevant to any party's

claim or defense; and (3) proportional to the needs of the case." *Barnes-Staples v. Murphy*, 2021 WL 1426875, * 2 (N.D. Ill. Apr. 15, 2021).

When an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses to requests, a party may move to compel an answer or supplementation of the discovery response(s). Fed. R. Civ. P. 37(a)(3)(B); *Bailey v. Jezierski*, 2026 WL 927199, * 2 (N.D. Ind. Apr. 6, 2026). "[T]he resolution of discovery disputes is committed to the court's extremely broad discretion." *Chicago Reg. Council of Carpenters Pension Fund v. Celtic Floor Covering, Inc.*, 316 F. Supp. 3d 1044, 1046 (N.D. Ill. 2018).

**III. Analysis**

Initially, the Court questions whether Plaintiff should have filed his motions *ex parte*. As noted above, the filing of motions *ex parte* is disfavored, and Plaintiff has offered no factual basis to convince the Court that filing his motions *ex parte* was justified. Plaintiff's fear that Walmart may destroy the video between the time that he filed his motions and the time that the Court ruled on those motions is insufficient. Had Walmart done so, Plaintiff may have been allowed to add a claim against Walmart for the spoliation of evidence and may have been entitled to a sanctions award from Walmart.

That said, the Court recognizes that Plaintiff is proceeding *pro se*, and he may not have understood that a litigation hold to Walmart may have been proper after he filed his EEOC charge in which he asked Walmart to preserve the video evidence.

Regardless, Walmart will suffer no prejudice by an Order from this Court in which the Court rules on Plaintiff's *ex parte* motions.

Therefore, Plaintiff's motion for a Preservation Order is granted, in part, and denied, in part. According to Plaintiff, Walmart's representatives have given conflicting statements to him as to whether a video recording still exists that captured the alleged physical assault on him by another Walmart employee that occurred on March 3, 2026. To the extent that such video ever exited and to the extent that the video recording still exists, Walmart is ordered to preserve that video evidence pending the resolution of this case. To the extent that the video recording existed but the recording has since been lost or destroyed, Walmart is ordered to represent to the Court when the video recording was lost or destroyed, and Walmart should also explain whether the video was mistakenly destroyed or whether the evidence was destroyed pursuant to Walmart's policy. Walmart should also represent to the Court whether any back-up records may still exist of the relevant video evidence.

Walmart's discovery obligations outlined *supra* regarding the video evidence also applies to any video recording of Plaintiff's disciplinary meeting that occurred in mid-May 2026. Walmart should either preserve the video recording of Plaintiff's disciplinary meeting, or Walmart should make the same affirmative representations that the Court required regarding the March 3, 2026 video evidence.

In all other respects, Plaintiff's motion for a Preservation Order is denied. In addition to asking the Court to preserve these two video recordings, Plaintiff also asks the Court, essentially, to order Walmart to preserve all video evidence that may be

relevant to his claims against Walmart. Such a request if facially, overly broad. In fact, the Court is unsure how the Court would even draft or enforce such an Order because Plaintiff and Walmart may greatly differ as to whether a certain recording is relevant to his claims. Regardless, requests for "all records and records" are too broad for a Preservation Order, and Plaintiff's motion is denied other than as outlined above.

As for his motion for a Protective Order, Plaintiff's motion is denied as moot. In the conclusion of his motion, Plaintiff appears to acknowledge that the September 30, 2026 deposition date was merely an offer or a suggested date for his deposition. Plaintiff notes that Walmart has not served a deposition notice on him under Federal Rule 30, and Walmart has not filed any such notice with the Court. Therefore, Plaintiff's motion to protect him from being forced to sit for a deposition on September 30, 2026, was unnecessary, and his motion is denied as moot.

Instead, the Court will consider Plaintiff's motion as a motion to compel under Federal Rule 37. According to Plaintiff, Walmart has not responded to his requests for the production of documents that he served on Walmart under Federal Rule 34, and the time for Walmart to respond has expired. Walmart should consider Plaintiff's motion found at Docket Entry 28-1 as a motion to compel, and Walmart should respond to that motion accordingly.

## IV. Conclusion

Accordingly, Plaintiff's Motion for a Preservation Order (Doc. 28) is GRANTED, in part and DENIED, in part.

Plaintiff's motion for a Preservation Order is granted to the extent that he asks the Court to Order Walmart to preserve the video recording from March 3, 2026, which allegedly shows Plaintiff being physically attacked by another Walmart employee.

Plaintiff's motion for a Preservation Ordre is also granted to the extent that he asks the Court to order Walmart to preserve the video recording from the second or third week of May 2026, which allegedly recorded Plaintiff's disciplinary meeting with Asset Protection Supervisor Jason Blessman and with Plaintiff's immediate supervisor Elaine Pudder.

Walmart is ORDERED to file a notice with the Court informing Plaintiff and the Court that this evidence has been and will be preserved in a form that may be viewed by Plaintiff and the Court pending the outcome of this case, including any appeal that may be filed.

Walmart cannot be required to produce something that never existed or that no longer exists. Accordingly, if this video evidence never existed or no longer exists, Walmart is ORDERED to file a notice with the Court stating whether the video ever existed. If the video recordings did exist but no longer exists, Walmart is ORDERED to explain when the video recordings were lost or destroyed, and Walmart should explain whether the video was mistakenly lost or destroyed or whether the evidence was destroyed pursuant to Walmart's policy. Finally, Walmart is ORDERED to represent to the Court whether any back-up records may still exist of the relevant evidence.

Finally, Walmart is ORDERED to file its notice in compliance with this Order on or before October 9, 2026.

In all other respects, Plaintiff's motion for a Preservation Order is DENIED.

As for Plaintiff's motion for a Protective Order regarding his deposition, Plaintiff's motion (Doc. 28-1) is DENIED as moot because it does not appear that Walmart intends to take Plaintiff's deposition on September 30, 2026. Therefore, a Protective Order is unnecessary, and Plaintiff's request for such a Protective Order is moot.

Instead, Walmart should consider Plaintiff's motion to be a motion to compel under Federal Rule of Civil Procedure 37. Specifically, Walmart should respond to Plaintiff's assertion that Walmart has not timely and completely responded to his requests for the production of documents under Federal Rule of Civil Procedure 34 that he served upon Walmart.

Walmart is ORDERED to file their response to Plaintiff's motion to compel on or before October 9, 2026.

Walmart is further ORDERED not to seek to depose Plaintiff until after Walmart has filed its response to Plaintiff's motion to compel and until after the Court has ruled upon Plaintiff's motion to compel.

Finally, the Clerk of the Court is directed to unseal the entirety of Plaintiff's *ex parte* filings that are docketed at Docket Entry 28, including all Exhibits attached thereto, and the Clerk of the Court is further directed to remove all restrictions from those filings so that Walmart and the public may access and view those filings.

**ENTERED** this 29th day of September, 2026.

/s/ Douglas J. Quivey

DOUGLAS J. QUIVEY
UNITED STATES MAGISTRATE JUDGE